**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWAYNE RIECO,** | : | |
| **Plaintiff** | : | |
| | | **CIVIL ACTION NO. 3:13-0075** |
| **v.** | : | |
| | | **(JUDGE MANNION)** |
| **LT. BRONSBURG, et al.,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**[1]

## I. <u>Background</u>

Plaintiff, Dwayne L. Rieco, an inmate formerly confined in the Retreat State Correctional Institution, Hunlock Creek ("SCI-Retreat"), Pennsylvania[2], filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. The action proceeds via an amended complaint filed by Plaintiff on August 11, 2014. (Doc. 65). Plaintiff names the following SCI-Retreat employees as Defendants: Facility Manager James McGrady, Psychiatric Doctors Kapoza and Jeddick and Psychology staff member Maureen Matiska., and Physicians Assistant Clemens and Maintenance Supervisor Harding. Id.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Plaintiff is currently housed in the State Correctional Institution, Pittsburgh, ("SCI-Pittsburgh"), Pennsylvania.

Rieco alleges that on January 17, 2013, he was "retaliated against and (sic) all Defendants by an actual fraud falsified a petition to unlawfully commit [him] under §7302" and that he was "not notified of their malicious intent by our courts." (Doc. 65). Plaintiff claims, however, that he "was not a clear and present danger and petition §7303 was withdrawn for a lack of evidence and witnesses." Id. Thus, he was "not subject to involuntary treatment and released from SCI-Graterford Mental Health Unit." Id.

Plaintiff filed the instant action claiming his "due process, equal protections were violated and an act of malfeasance was commissioned against [him] for a non penological interest by a malicious prosecution and §3703 hearing was not processed within the scope of 120 hours but was 288 or more in violation of [Plaintiff's] due process official oppression." Id.

For relief, he seeks compensatory and punitive damages, as well as "release from mental health program" and criminal charges against Defendants, resulting in loss of their positions. Id.

Presently before the Court are Defendants' motions to dismiss Plaintiff's amended complaint. (Docs. 66, 83). The motions have been fully briefed and are ripe for disposition. For the reasons that follow, Defendants' motions to dismiss will be **GRANTED**.

2

## II. <u>Motion to Dismiss</u>

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6)

3

dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007),

4

aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

## III.   Discussion

### A.  Personal Involvement

In a §1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir.1993).

Additionally, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Claims brought under §1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made

with appropriate particularity.

Rode, 845 F.2d at 1207.

Initially, the Court notes that Plaintiff fails to adequately establish personal involvement of any of the named Defendants in his amended complaint. In fact, Plaintiff fails to even reference any of the named Defendants in his amended complaint. Specifically, with respect to Defendant, Dr. Chiavacci, while this Defendant is named in the caption of Plaintiff's original complaint, he is not listed in the caption, or body, of his amended complaint. As such, Defendants are entitled to dismissal as Plaintiff fails to assert that they had any personal involvement in actions which resulted in alleged violations of his constitutional rights.

## B. **Mental Health Procedures Act**

Pursuant to Pennsylvania's Mental Health Procedures Act (MHPA), a physician or other "responsible party" may file an application that may lead to the issuance of a warrant authorizing a person who is "severely mentally disabled and in need of immediate treatment"[3] to be taken to a designated

---

[3]A person is "severely mentally disabled" "when, as a result of mental illness, his capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his own personal needs is so lessened that he poses a clear and present danger of harm to others or to himself." 50 Pa. Stat. Ann §7301(a).

facility for an emergency examination. 50 Pa. Stat. Ann. §7302(a)(1).[4] In

addition, a physician or other person who has observed a person engaging

in conduct that provides reasonable grounds to believe that the person is

"severely mentally disabled and in need of treatment" may take the person to

an approved facility for such an examination. 50 Pa. Stat. Ann. §7302(b). At

the facility, the individual who brought the person thought to need treatment

must make "a written statement setting forth the grounds for believing the

---

[4]50 P.S. §7302(a) provides as follows:

(a) Application for Examination. -Emergency examination may be undertaken at a treatment facility upon the certification of a physician stating the need for such examination; or upon a warrant issued by the county administrator authorizing such examination; or without a warrant upon application by a physician or other authorized person who has personally observed conduct showing the need for such examination.

(1) Warrant for Emergency Examination. -Upon written application by a physician or other responsible party setting forth facts constituting reasonable grounds to believe a person is severely mentally disabled and in need of immediate treatment, the county administrator may issue a warrant requiring a person authorized by him, or any peace officer, to take such person to the facility specified in the warrant.

(2) Emergency Examination Without a Warrant. -Upon personal observation of the conduct of a person constituting reasonable grounds to believe that he is severely mentally disabled and in need of immediate treatment, and (sic) physician or peace officer, or anyone authorized by the county administrator may take such person to an approved facility for an emergency examination. Upon arrival, he shall make a written statement setting forth the grounds for believing the person to be in need of such examination.

person to be in need of examination." 50 Pa. Stat. Ann. §7302(a)(2). A person taken to a facility must be examined within two hours, and if it is determined that the person is "severely mentally disabled and in need of immediate treatment," the treatment must begin immediately. 50 Pa. Stat. Ann. §7302(b). If it is determined at any time that the person is not in need of treatment, the person must be discharged, and in any event the person must be released within 120 hours unless a certification for extended involuntary emergency treatment is filed under 50 Pa. Stat. Ann. §7303.

Rieco argues that the Defendants violated his rights to due process and equal protection by failing to comply with the MHPA and by failing to grant him a timely hearing. However, even if Rieco is correct that Defendants violated the MHPA, this would not establish a §1983 claim. Benn v. Universal Health Sys., 371 F.3d 165, 173–174 (3d Cir. 2004)(holding that "in an emergency situation, a short-term commitment without a hearing does not violate procedural due process."

Moreover, "[t]he plain language of section 1983, interpreted and underscored by the Supreme Court in Maine v. Thiboutot, 448 U.S. 1 (1980), solely supports causes of action based upon violations, under the color of state law, of federal statutory law or constitutional rights. Id. at 174. Section

1983 does not provide a cause of action for violations of state statutes." Id.

See also, Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir.1990); Flagg

Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). As such, Rieco's claims will

be dismissed as legally frivolous.

### C. **Retaliation**

A prisoner alleging retaliation in violation of the Constitution must satisfy

three (3) elements: (1) that he engaged in a constitutionally protected activity,

Rauser, 241 F.3d at 330; (2) that he "suffered some 'adverse action' at the

hands of prison officials sufficient to deter a person of ordinary firmness from

exercising his [constitutional] rights", Allah v. Seiverling, 229 F.3d 220, 225

(3d Cir. 2000) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir.

2000)); and (3) that "his constitutionally protected conduct was 'a substantial

or motivating factor' in the decision to" take the adverse action against him,

Rauser, 241 F.3d at 333–34 (quoting Mount Healthy Bd. of Educ. v. Doyle,

429 U.S. 274, 287 (1977)). If a plaintiff establishes a *prima facie* case of

retaliation, the burden then shifts to the prison officials to demonstrate, by a

preponderance of the evidence, that their actions would have been the same,

even if the plaintiff were not engaging in the constitutionally protected

activities. Rauser, 241 F.3d at 334 ("Once a prisoner has demonstrated that

his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.").

Plaintiff fails to establish a *prima facie* case of retaliation in that he fails to allege that he was engaged in any constitutionally protected conduct which resulted in any adverse action. Regardless of the motivation of the commitment petition, Plaintiff suffered no adverse action as the petition was dismissed and Plaintiff was return to his housing facility. Thus, Plaintiff fails to meet any of the factors associated with establishing a retaliation claim and his complaint, and Defendants' motion to dismiss the amended complaint will be granted.

### D.  Malicious Prosecution and Official Oppression

Plaintiff alleges that he was subjected to "malicious prosecution" and "official oppression". (Doc. 1 at 3).

To establish a malicious prosecution claim under section 1983 Plaintiff must show:

> (1) the [D]efendants initiated a criminal proceeding; (2) the criminal proceeding ended in [Plaintiff's] favor; (3) the proceeding was initiated without probable cause; (4) the [D]efendants acted

10

> maliciously or for a purpose other than bringing [Plaintiff] to justice; and (5) [Plaintiff] suffered deprivation of liberty interest consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).  Plaintiff's malicious prosecution claim fails to state a claim on which relief can be granted. Specifically, Plaintiff has failed to show that he was involved in any criminal proceeding, which ended in his favor.

Additionally, "official oppression" is a criminal offense under Pennsylvania law,[5] "the violation of which does not provide a basis for bringing a claim under §1983." Tighe v. Purchase, 2014 WL 3058434, *9 n.8 (W.D. Pa. 2014) (citing Troutman v. Bartlett, No. 11–315, 2012 WL 6808559, at * 1 n. 3 (W.D. Pa. Dec.4, 2012), *report and recommendation adopted*, 2013 WL 85252 (W.D. Pa. Jan.8, 2013). Thus, to the extent Plaintiff attempts to assert an official oppression claim pursuant to section 1983, such claim is subject to dismissal.

## IV.   **Conclusion**

For the reasons stated above, Defendants' motions to dismiss Plaintiff's

---

8.  See 18 PA. CON. STAT. §5301.

amended complaint for failure to allege personal involvement of all

Defendants, failure to allege a cognizable violation of the MHPA and for failing

to allege claims of retaliation, malicious prosecution or official oppression, will

be granted. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: **March 30, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0075-01.wpd