UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DWAYNE RIECO, :
   Plaintiff :
                                            CIVIL ACTION NO. 3:13-0075
   v. :
                                            (JUDGE MANNION)
LT. BRONSBURG, et al., :
   Defendants :

FILED
SCRANTON
APR 0 5 2016
Per_____
    DEPUTY CLERK

**MEMORANDUM**

## I. Background

On January 11, 2013, Plaintiff, Dwayne L. Rieco, an inmate formerly confined in the Retreat State Correctional Institution, Hunlock Creek ("SCI-Retreat"), Pennsylvania[1], filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff named as Defendants, Lt. Bronsburg, Sgt. Maustellar, Captain Fowler, Correctional Officers Osmullski and Ferretti and Dr. Chiavacci. Id.

Plaintiff alleged that on January 3, 2013 he was subjected to excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment when he was forcibly removed from his cell. Id. Plaintiff

---

[1] Plaintiff is currently housed in the State Correctional Institution, Pittsburgh, ("SCI-Pittsburgh"), Pennsylvania.

further claims that the purpose of moving him to a different cell was to house him to a cell-block that is not monitored by video cameras, which is violative of the Due Process and Equal Protection Clauses. Id. Plaintiff also alleges that his legal materials were illegally seized in violation of the Fourth Amendment during the cell extraction. Id. In addition, Plaintiff contends that he was issued a false misconduct for allegedly kicking and punching his cell door, and threatening an employee in retaliation. Id.

Subsequent to the cell extraction, Plaintiff sought treatment from Defendant, Dr. Chiavacci, alleging that a guard stomped on his foot. Id. Plaintiff claims that Dr. Chiavacci told Plaintiff he would have to wait until the next day to be X-rayed and offered him a bandage and Tylenol. Id.

On March 28, 2013, the Corrections Defendants filed a motion to dismiss the complaint for, *inter alia*, Plaintiff's failure to exhaust administrative remedies. (Doc. 28). On April 8, 2013, Dr. Chiavacci filed a motion to dismiss Plaintiff's complaint. (Doc. 32). In response to Defendants' motions to dismiss, Plaintiff filed a motion to file an amended complaint. (Doc. 38). Plaintiff's motion to amend was granted and Defendants' motions were dismissed as moot. (Doc. 52).

On December 26, 2013, Plaintiff filed his amended complaint, (Doc. 57),

2

which was stricken from the docket for failing to comply with the Federal Rules of Civil Procedure. (Doc. 61). Plaintiff filed another amended complaint on August 11, 2014. (Doc. 65). Plaintiff named the following SCI-Retreat employees as Defendants: Facility Manager James McGrady, Psychiatric Doctors Kapoza and Jeddick and Psychology staff member Maureen Matiska, and Physicians Assistant Clemens and Maintenance Supervisor Harding. Id.

Rieco alleged that on January 17, 2013, he was "retaliated against and (sic) all Defendants by an actual fraud falsified a petition to unlawfully commit [him] under §7302" and that he was "not notified of their malicious intent by our courts." (Doc. 65). Plaintiff claimed, however, that he "was not a clear and present danger and petition §7303 was withdrawn for a lack of evidence and witnesses." Id. Thus, he was "not subject to involuntary treatment and released from SCI-Graterford Mental Health Unit." Id.

Plaintiff filed the instant action claiming his "due process, equal protections (sic) were violated and an act of malfeasance was commissioned against [him] for a non penological interest by a malicious prosecution and §3703 hearing was not processed within the scope of 120 hours but was 288 or more in violation of [Plaintiff's] due process official oppression." Id.

3

For relief, he sought compensatory and punitive damages, as well as "release from mental health program" and criminal charges against Defendants, resulting in loss of their positions. Id.

Defendants responded to Plaintiff's amended complaint with separate motions to dismiss. (Docs. 66, 83).

By Memorandum and Order dated March 30, 2015, the Court granted Defendants' motions to dismiss Plaintiff's amended complaint for failure to allege personal involvement of all Defendants, failure to allege a cognizable violation of the MHPA and for failing to allege claims of retaliation, malicious prosecution or official oppression. (Docs. 86, 87).

On April 21, 2015, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (Doc. 88).

In an April 12, 2017 mandate, the United States Court of Appeals for the Third Circuit affirmed in part and vacated in part, this Court's March 30, 2015 Memorandum and Order. (Doc. 97). While affirming the dismissal of all claims raised in Plaintiff's amended complaint, the Third Circuit remanded with instruction that "the District Court should adjudicate the Eighth Amendment claims raised in Rieco's original complaint." Id. Specifically, the Court of Appeals found that "Rieco's original complaint is well-pleaded, his Eighth

Amendment claims are not frivolous on the face of the complaint, and it is clear that he did not intend to abandon them." Id.

By Order dated April 13, 2017, the instant action was reopened, Defendants Sgt. Maustellar, Captain Fowler, Lt. Bronsburg, and Correctional Officers Osmullski, Ferretti and Teasdale were reinstated as named Defendants and the Defendants were directed to file a responsive pleading. (Doc. 98).

On May 5, 2017, Defendants filed a motion to dismiss, (Doc. 100), arguing, *inter alia*, Plaintiff's failure to exhaust administrative remedies, an argument raised in their initial motion to dismiss, directed at Plaintiff's original complaint. (Doc. 101). Specifically, Defendants argue that Plaintiff indicates on the face of his complaint that the grievance process is not yet completed. Id. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, Defendants' motion to dismiss will be **GRANTED**.

## II. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most

5

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual

6

elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are

7

based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). In the matter at hand, Plaintiff has submitted, as exhibits, copies of the administrative remedies filed with respect to his Eighth Amendment claim. (Doc. 108). Defendants have not objected to them, and the Court will, therefore, refer to these documents.

III. **Facts**

On January 3, 2013, Plaintiff drafted and signed the instant civil rights complaint. (Doc. 1).

On January 8, 2013, Plaintiff filed Grievance No. 443790, stating the following:

> On January 3, 2012, I Dwayne L. Rieco, was placed on a no camera block by the Defendants listed in the above captioned case and was by assault and battery while in handcuffs maliciously and sadistically injured at or around 9:30 am and the assailant was Sgt. Maustellar who called me a rapist and a child molester and C/O Osmullski who has done this as well for a personal interest while under color of state law. This was done to illegally prosecute - convict - punish for my criminal case No. 6346-2007 Rape and has place me twice in jeopardy by a kangaroo court judiciary lynch mob procedure. On the next page is my showing of his motivational intent as well as memorandum of law and relief sought.

(Doc. 108 at 15).

On January 11, 2013, Plaintiff's civil rights action was received and filed by this Court. (Doc. 1).

On January 15, 2013, Grievance No. 443790 was denied as follows:

> Your grievance alleging physical abuse was investigated by the SCI-Retreat Security Office. The results of this investigation were forwarded to the Office of Special Investigations and Intelligence per DC-ADM 001 and found to be satisfactory. The findings of the investigations revealed that your allegations were not supported by the evidence. Your grievance is denied.

(Doc. 108 at 17). On February 11, 2013, Plaintiff filed an appeal to the Facility Manager. (Doc. 108 at 18).

On February 22, 2013, the Facility Manager upheld the denial of Grievance No. 443790 as follows:

> As noted by the Grievance Officer, your allegation/grievance was investigated in accordance with DOC Policy and was unsubstantiated.
>
> Based on the outcome of the investigation, I must uphold the finding.
>
> Please be reminded that submission of a less-than truthful grievance may be considered an abuse of the inmate Grievance System and result in Grievance Restriction and/or a Misconduct.

(Doc. 108 at 20). On February 24, 2013, Plaintiff filed a final appeal to the Secretary's Office of Inmate Grievances and Appeals. (Doc. 108 at 21).

On April 19, 2013, the Chief Grievance Officer upheld the denial of

Grievance No. 443790 as follows:

> You state that on 1/3/2013, you were placed on a no-camera block and while handcuffed, maliciously and sadistically injured. You claim that the assailant was Sgt. Maustellar who called you a rapist and a child molester, and Officer Osmullski who has done this as well for a personal interest while under color of state law. You allege that this was done to illegally prosecute/convict/punish you for your criminal case. You allege that Officer Osmullski shoved you into the wall and Sgt. Maustellar grabbed your hair, pulled your head backwards, shoved your face into the wall and stomped on the top of your right foot in order to destroy the evidence in your toenails to toxic tort claims by radon and methane gas assaults in your cell. You claim that "they" then tried to pull on the cuffs and your wrists were cut. you say that your 1st, 5th, and 14th constitutional amendment rights have been violated. You request a copy of Captain Kerschner's investigation findings related to your grievance, release/discharge for double jeopardy, and compensation in the amount of $220,000.00 and $50,000.00 in punitive damages for cruel and unusual punishment.
>
> A review of the record finds that your allegations against Sgt. Maustellar and Officer Osmullski were investigated by the Security Office at SCI-Retreat and, per policy DC-ADM 001, reviewed by the Office of Special Investigations and intelligence who concluded that your allegations of abuse were unsubstantiated. Your claim that officers were trying to destroy evidence in your toenails is without merit. The DOC is not obligated to provide you with investigative reports. You provide no evidence that your 1st, 5th, and 14th constitutional amendment rights have been violated. This office upholds the decisions of the Grievance Officer and Facility Manager in denying your grievance and requested relief.

(Doc. 108 at 23).

## IV. Discussion

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department

11

of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of their institution. Id. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). Id.

It is clear from the face of Plaintiff's complaint, as well as Plaintiff's own exhibits, that Plaintiff has failed to exhaust his administrative remedies before filing the above captioned action, as it is clear the action was filed prior to Plaintiff receiving an initial response to Grievance No. 443790.

Plaintiff's argument that he "filed his complaint due to not being given a pen to draft his grievance", (Doc. 108), is defeated by his own exhibits which demonstrate that Plaintiff was able to file a grievance, and exhaust it to final review, after the instant action was already filed. Thus, it is clear that Plaintiff

12

failed to exhaust administrative remedies before initiating the instant action. In light of his failure to properly exhaust all claims, the complaint will be dismissed. See Woodford v. Ngo, 548 U.S. 81, 92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); see also Rivera v. Pa. Dep't of Corr., 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court"). Failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. See Spruill v. Gillis, 372 F.3d 218, 222-26 (3d Cir. 2004). Consequently, Rieco's failure to properly pursue the administrative process with respect to his claims precludes the litigation of such claims. Id. at 231, 232.

## V. Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's original complaint for Plaintiff's failure to exhaust administrative remedies prior to filing the above captioned action, will be **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Dated: April 5, 2018
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0075-02.wpd